The CITY OF HOUSTON et al., Appellants,

v.

Robert Lee MACKEY, Appellee.

No. 15119.

Court of Civil Appeals of Texas.

Houston.

Jan. 18, 1968.

Rehearing Denied Feb. 8, 1968.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for appellants.

Billy H. Ragan, Carey Williams, Houston, for appellee.

COLEMAN, Justice.

This is a statutory appeal of a Civil Service Commission proceeding affirming an order of the Chief of the Fire Department of the City of Houston indefinitely suspending appellee from the Classified Service of the Houston Fire Department. The District Court set aside the order of the Civil Service Commission and ordered that appellee be reinstated with back pay.

On October 6, 1966, W. O. Hunter, Chief of the Fire Department of the City of Houston, indefinitely suspended Robert Lee Mackey, appellee, from his position as Pipeman and Ladderman in the Houston Fire Department. He properly filed the following statement with the Civil Service Commission and furnished a copy thereof to appellee:

Firemen's and Policemen's
Civil Service Commission
of the City of Houston

W. O. Hunter
Fire Chief

October 6, 1966

Indefinite Suspension of
Robert Lee Mackey, Pipeman
and Ladderman, Houston Fire
Department.

In accordance with the provisions of Section 16, Acts 1947, 50th Legislature, page 550, Chapter 325, as amended, commonly known as the Firemen's and Policemen's Civil Service Act, you are advised that as of October 7, 1966, I have indefinitely suspended Robert Lee Mackey from the Classified Service of the Houston Fire Department.

Pipeman and Ladderman Robert Lee Mackey has been suspended for acts and conduct in violation of Rule XIII, Section 6, Subsections (d), (e), (k),

(1), and (O) of the Firemen's and Policemen's Civil Service Rules of the City of Houston, said Section and Subsections reading as follows:

"SECTION 6—CAUSE OF DISMISSALS AND SUSPENSIONS

"No Fireman or Policeman shall engage in, or be involved in, any one of the following acts of conduct and the same shall constitute cause for the removal from service or the suspension of a Fireman or Policeman;

(d) That the employee has violated any of the provisions of the Charter of the City of Houston or has violated any of the provisions of the Firemen's Civil Service laws, or the rules and regulations of the Civil Service Commission, or the rules or special orders of the Fire and Police Department;

(e) That the employee has been guilty of acts which amount to an act of insubordination, or to disgraceful conduct, whether such acts were committed while on or off duty;

(k) That the employee has been guilty of any conduct unbecoming to an officer or employee of the City of Houston;

(l) That the employee has willfully shown lack of good moral character;

(o) That the employee has been guilty of conduct which was prejudicial to good order of the Fire and Police Departments of the City of Houston;"

The following acts and conduct of Pipeman and Ladderman Robert Lee Mackey in violation of the above quoted Section and Subsections of the Firemen's and Policemen's Civil Service Rules of the City of Houston are hereby specified in detail:

(1) That on various dates next preceding the date of this indefinite suspension, but all within six (6) months next preceding such date of indefinite suspension, Pipeman and Ladderman Robert Lee Mackey, purchased, or arranged for the purchase from T. C. Sharp of two mink stoles and a color television set, all of which he knew or should have known, were stolen property.

(2) That on or about the 3rd day of October, 1966, Pipeman and Ladderman Robert Lee Mackey was called to the office of the Fire Chief of the Fire Department of the City of Houston to be questioned concerning his transactions of purchase of the aforementioned items from Fireman T. C. Sharp and while in the office of the Fire Chief, Pipeman and Ladderman Robert Lee Mackey, in the presence of C. P. Price, C. R. Cook, J. S. Little and F. A. Hooker, denied ever having bought anything from T. C. Sharp or having ever made any arrangements for anyone else to buy anything from T. C. Sharp.

Due to the fact that Pipeman and Ladderman Robert Lee Mackey has been guilty of each and every enumerated cause listed above under Section 6 of Rule XIII of the Civil Service Commission Rules governing members of the Fire and Police Departments as outlined above specifically, and that such commissions and omissions were so notorious as to work detriment to the moral and good order of the Fire Department, I have this day indefinitely suspended Pipeman and Ladderman Robert Lee Mackey from the Classified Service of the Houston Fire Department.

A copy of this notification of suspension is being served on Pipeman and Ladderman Robert Lee Mackey and he is informed that he has ten (10)

days in which to file an appeal with the Civil Service Commission of the City of Houston.

WOH:RDP:kj

c.c. Pipeman and Ladderman
Robert Lee Mackey

W. O. Hunter
Fire Chief

———◆———

After a hearing the Commission entered its order which stated that the Commission was of the opinion that the specific charges contained in the order of suspension were true and supported by the evidence, and ordered appellee indefinitely suspended from the Classified Service of the Fire Department of the City of Houston effective as of the close of business on October 7, 1966.

The statement filed by the Fire Chief charges appellee with having purchased property from T. C. Sharp, which he either knew or should have known was stolen, and also that when called into the office of the Fire Chief to be questioned concerning his purchase of two mink stoles and a color television set from T. C. Sharp, he did, in the presence of C. P. Price, C. R. Cook, J. S. Little and F. A. Hooker, deny ever having bought anything from T. C. Sharp or ever having made any arrangements for anyone else to buy anything from T. C. Sharp.

It is clear, we think, that if appellee purchased stolen property from another fireman, knowing it to be stolen property, he would be guilty of conduct unbecoming an employee of the City of Houston, disgraceful conduct, and would have willfully shown lack of good moral character. There is, however, no substantial evidence to show that he purchased, or arranged for the purchase of, property from T. C. Sharp which he knew, or should have known, was stolen property.

There is no specific allegation that appellee was directed by a superior officer to answer questions, or that he was questioned by a member of the Fire Department. While it is alleged that he was called to the office of the Fire Chief to be questioned, it is undisputed that the Fire Chief was not present while he was questioned. The charges are set out in separate numbered paragraphs. In the first paragraph he was charged with purchasing or arranging for the purchase of stolen property. In the second paragraph he was charged with denying that he bought anything or arranged for anyone else to buy anything from T. C. Sharp. In this paragraph there is no specific allegation that the denial was untrue and no reference made to stolen property.

We are of the opinion that the allegations of fact set out in paragraph (2) are insufficient to charge a violation of either of the provisions of Section 6 of the Firemen's and Policemen's Civil Service Rules. The statement must allege facts sufficient to charge a violation of one or more provisions of the rule. Since the statement is insufficient to charge a violation of the rule, we do not reach the question of whether or not there is substantial evidence to support such charge. City of San Antonio v. Bill Poulos, 422 S.W.2d 140, (1967).

The judgment of the Trial Court is affirmed.